STATE OF MONTANA,
    Plaintiff,                                    CAUSE NO. DC-13-496
-vs-                                              DECISION
WILLIE LIEGEOIS,
    Defendant.

On April 16, 2014, the Defendant was sentenced for Count I: Partner or Family Member Assault, a felony, in violation of Section 45-5-206, MCA, committed to the

Department of Corrections for Five (5) years with Two (2) years suspended; for Count II: Criminal Mischief, a misdemeanor, in violation of Section 45-6-101, MCA, to Missoula County Detention Center for Six (6) months; the sentence imposed in Count II shall run concurrently with the sentence imposed in Count I; Defendant shall receive credit for time served of 163 days; and Count III: Criminal Mischief, a misdemeanor, in violation of Section 45-6-101, MCA, was dismissed by the Court; and other terms and conditions given in the Judgment on April 16, 2014.

On August 7, 2014, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. The State was not represented. The Hon. John Larson, the sentencing judge in this case, appeared and provided information.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

It is the unanimous decision of the Division that the Defendant's sentence is not clearly excessive or clearly inadequate. At the request of the Defendant and with concurrence from the Sentencing Judge, Hon. John Larson, Probation Conditions No. 16 and 17 shall be amended. Probation Conditions No. 16 and 17 require the Defendant to submit to Chemical Dependency and Mental Health Evaluations from qualified professional persons or programs and to follow the aftercare treatment recommended by such evaluations. It is the decision of the Division that the Defendant will not be required to complete those evaluations unless his probation officer determines that updated evaluations are necessary to promote effective probation supervision. The record shows that the Defendant obtained those evaluations prior to the time of sentencing. The remaining sentence is AFFIRMED.

Done in open Court this 7th day of August 2014.

DATED this 8th day of September, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.